# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

RODERICK DWAYNE CHISLEY,

                Petitioner,

vs.

MARK LUND,

                Respondent.

No. C08-4085-MWB

**REPORT AND RECOMMENDATION
ON MOTION FOR PARTIAL
SUMMARY JUDGMENT**

_____

     This matter is before the court on the respondent's motion for partial summary judgment, filed November 18, 2008. Doc. No. 10. The petitioner, Roderick Dwayne Chisley, filed a resistance on December 5, 2008. Doc. No. 14. The respondent filed a reply on December 9, 2008. Doc. No. 17. With leave of court, Chisley filed a supplemental affidavit in support of his resistance on December 11, 2008. Doc. No. 18. Pursuant to the Order of Judge Mark W. Bennett entered November 19, 2008, Doc. No. 13, the undersigned has reviewed the parties' briefs and relevant portions of the state court record, and makes the following report and recommended disposition of the respondent's motion.

     Chisley was arrested in August 2004, after allegedly entering his former girlfriend's residence without permission, possessing a dangerous weapon, and assaulting her. He was charged with first-degree burglary and assault while participating in a felony. At trial, Chisley and the victim both testified, giving conflicting accounts of the incident. The jury found Chisley guilty on both counts, and he was sentenced to five years on the assault charge and an indeterminate term of twenty-five years on the burglary charge, with the terms to run concurrently. *See Chisley v. State*, slip op., 2008 WL 4325496 (Iowa Ct. App. Sept. 17, 2008) (*Chisley II*); *State v. Chisley*, slip op., 710 N.W.2d 258 (table), 2005 WL 3299086 (Iowa Ct. App. Dec. 7, 2005) (*Chisley I*).

Chisley filed a direct appeal, raising a single issue; i.e., whether "the trial court erred in overruling a hearsay objection to a detective's testimony that the account of what happened, given by a person who did not testify at trial, was the same as the victim's." *Chisley I* at *1. The appellate court held that although admission of the testimony in question was error, Chisley was not prejudiced by the error. The court therefore affirmed Chisley's convictions. *Chisley I, passim.* Chisley filed an application for further review that was denied on February 7, 2006. *See* Doc. No. 12, Ex. 2(f).

Chisley filed an application for postconviction relief ("PCR"), alleging his trial counsel was ineffective in failing to conduct adequate discovery and to investigate the case thoroughly. *See* Doc. No. 12, Ex. 4(c), p. 95. After a hearing, the PCR court denied Chisley's application on November 26, 2007. *See* Doc. No. 12, Ex. 3(d). Chisley appealed the denial of postconviction relief, and on September 17, 2008, the Iowa Court of Appeals affirmed the denial. *See Chisley II.* Chisley did not file an application for further review within twenty days as allowed by Iowa Code § 602.4102(4)(b). Instead, he filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254.

In his petition, Chisley asserts four grounds for habeas relief. In Ground One, he reasserts the claim he raised on direct appeal regarding admission of hearsay testimony. In Ground Two, he reasserts the claim raised in his PCR action that his trial counsel was ineffective in failing to investigate the case adequately. In Grounds Three and Four, construed liberally, he reasserts his PCR claim that his trial counsel was ineffective in failing to conduct adequate discovery, or to call a witness at trial.

The respondent has filed his motion for partial summary judgment on Grounds Two, Three, and Four of Chisley's petition, arguing these claims are unexhausted and procedurally defaulted because Chisley failed to seek further review from the Iowa Supreme Court after his PCR appeal was rejected. *See* Doc. No. 10-3.

It is undisputed that Chisley failed to file an application for further review when his PCR appeal was denied. *See* Doc. No. 14-2, ¶ 3. Chisley's failure to file an application for further review renders his claims in Grounds Two, Three, and Four unexhausted. The United States Supreme Court explained the exhaustion requirement in *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004):

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*) (quoting *Picard V. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (***including a state supreme court with powers of discretionary review***), thereby alerting that court to the federal nature of the claim. *Duncan, supra*, at 365-366, 115 S. Ct. 887; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

*Baldwin*, 541 U.S. at 29, 14 S. Ct. at 1349 (emphasis added). As the highlighted language indicates, failure to seek further review when available constitutes a failure to exhaust a claim. Because the time has now passed for Chisley to seek further review by the Iowa Supreme Court, he has defaulted on his claims in Grounds Two, Three, and Four.

Chisley acknowledges that he failed to seek further review. *See* Doc. No. 14-2, ¶ 3; Doc. No. 14-3, pp. 2-3. However, he argues he can establish cause and prejudice for his failure to seek further review, and that this court's failure to consider his claims would constitute a miscarriage of justice. A federal habeas petitioner's default may be excused if the petitioner "can show cause for the default and prejudice attributable thereto, . . . or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749-50, 111 S. Ct. 2546, 2564-65, 115 L. Ed. 2d 640 (1991) (internal quotation marks, citations omitted).

Chisley argues his failure to seek further review was based on ineffective assistance of counsel. He has submitted a copy of a letter he received from his PCR appellate counsel advising him of his right to seek further review from the Iowa Supreme Court, but specifically stating, "You need not make that Application for re-hearing before you file for your 2254 in the Federal Court." Doc. No. 18-2, p. 1. Counsel further advised Chisley that she believed an application for further review would be denied. *Id.* Chisley asserts his decision not to seek further review was based on this erroneous advice of his counsel.

Chisley's argument relating to the ineffectiveness of his PCR appellate counsel must fail in light of the fact that "[t]here is no cognizable habeas claim for ineffective assistance of postconviction counsel because no constitutional right to counsel exists in postconviction proceedings." *Cornell v. Nix*, 976 F.2d 376, (8th Cir. 1992) (citing *Coleman*, 501 U.S. at 752, 111 S. Ct. at 2566). This is so even where a statutory right exists under state law to the effective assistance of counsel in postconviction proceedings. *See Hagen v. Iowa*, 141 Fed. Appx. 496, 2005 WL 1491227 (8th Cir. June 24, 2005) (considering claim similar to Chisley's in context of statutory right to effective PCR counsel under Iowa law).

Thus, Chisley has failed to show cause for his procedural default. However, he further argues that a fundamental miscarriage of justice will occur if this court refuses to entertain his claims. The courts have recognized this "narrow exception to the cause and prejudice standard," explained by the Eighth Circuit Court of Appeals as follows:

> A procedural default will be excused if petitioner can demonstrate that a fundamental miscarriage of justice will occur from the federal court's refusal to entertain the claim. *See [Keeney v.] Tamayo-Reyes*, 504 U.S. [1, 11-12], 112 S. Ct. [1715,] 1721[, 118 L. Ed. 2d 318 (1992)]; *Murray [v. Cater]*, 477 U.S. [478,] 495-96, 106 S. Ct. [2639,] 2649-50[, 91 L. Ed. 2d 397 (1986)]. In order to fall within this exception, petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S. Ct. at 2649. Recently, the United States Supreme Court refined the

> "actual innocence" standard and held that "to show 'actual
> innocence' [of the death penalty] one must show by clear and
> convincing evidence that but for a constitutional error, no
> reasonable juror would have found the petitioner eligible for
> the death penalty." *Sawyer v. Whitley*, 505 U.S. 333, [336],
> 112 S. Ct. 2514, 2517, 120 L. Ed. 2d 269 (1992). This new
> standard also applies to habeas challenges to convictions.
> *McCoy v. Lockhart*, 969 F.2d 649 (8th Cir. 1992).

*Cornell v. Nix*, 976 F.2d 376, 381 (8th Cir. 1992). *See Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) ("Procedural default is a bar to a claim unless that claim falls into several narrow exceptions . . . [one of which] is actual innocence. Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice.") (citing *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2564-65).

Thus, to overcome his procedural default of his claims on a fundamental miscarriage of justice basis, Chisley must show "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Cox*, 398 F.3d at 1031 (quoting *Schlup v. Delo*, 513 US. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995)). Chisley has made no such showing. He has not offered any new evidence of his innocence. Instead, he argues the court should "reconsider its position on a petitioner's right to rely on ineffective assistance of counsel to establish cause for a procedural default." Doc. No. 14-3, p. 5. He relies on the dissenting Justices' cry in *Coleman* that "'the Court's determination that ineffective assistance of counsel cannot constitute cause of a procedural default in a state postconviction proceeding is patently unfair.'" *Id., p. 6 (quoting Coleman*, 501 U.S. at 774,[1] 111 S. Ct. at 2577.

The undersigned agrees that in a case such as this, the standard operates to unfairly deprive a petitioner of federal review of his claims. That unfairness is no more clearly illustrated than here, where Chisley's procedural default of his claims arose directly from

---

[1]Chisley mistakenly cites page 750 of the Court's opinion in his brief. Doc. No. 14-3, p. 6.

the erroneous advice of PCR counsel. However, this brings the analysis full circle, and returns us to the well-settled law that there is no constitutional right to counsel in postconviction proceedings.

Chisley has failed to overcome his procedural default of his claims in Grounds Two, Three, and Four. The respondent's motion for partial summary judgment on those claims should be granted.

**IT IS SO ORDERED.**

**DATED** this 9th day of January, 2009.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT