# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RODERICK DWAYNE CHISLEY,<br><br>　　　　Petitioner,<br><br>vs.<br><br>MARK LUND,<br><br>　　　　Respondent. | No. C08-4085-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING RESPONDENT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

_____

## I. INTRODUCTION AND BACKGROUND

Respondent Mark Lund's Motion For Partial Summary Judgment comes before the court pursuant to a Report and Recommendation of Chief United States Magistrate Judge Paul A Zoss recommending that it be granted. Petitioner Roderick Dwayne Chisley filed an objection to the report and recommendation. Respondent filed no objections to the report and recommendation and no response to Chisley's objection. The court now considers whether to accept, reject, or modify Judge Zoss's Report and Recommendation in light of Chisley's objection.

### A. *Procedural Background*

Chisley is an inmate at the Clarinda Correctional Facility, Clarinda, Iowa. Following a jury trial, he was convicted of first-degree burglary and assault while participating in a felony and sentenced to twenty-five years imprisonment on the burglary

conviction and five years imprisonment on the assault conviction, the sentences to run concurrently. Chisley filed a direct appeal of his conviction. On appeal, he asserted that the state trial court erred in overruling his hearsay objection to the testimony of a police detective. His appeal was denied by the Iowa Court of Appeals, concluding that although the detective's testimony was admitted in error, Chisley was not prejudiced by its admission. *State v. Chisley*, 710 N.W.2d 258, 2005 WL 3299086, at *2 (Iowa Ct. App. Dec. 7, 2005) (unpublished table opinion) (*"Chisley I"*). Chisley then filed an application for further review with the Iowa Supreme Court which was denied.

Chisley filed an application for post-conviction relief in which he alleged that his trial counsel had been ineffective for failing to conduct adequate discovery and carry out a thorough investigation of the case. After a hearing, Chisley's application for post-conviction relief was denied. Chisely appealed that decision to the Iowa Supreme Court, which referred his appeal to the Iowa Court of Appeals. On September 17, 2008, the Iowa Court of Appeals affirmed the denial of his application for post-conviction relief. *See Chisley v. State*, 758 N.W.2d 841, 2008 WL 4325496 (Iowa Ct. App. Sept. 17, 2008) (unpublished table opinion) (Chisley *II*). Chisley did not seek further review from the Iowa Supreme Court. Instead, he filed a Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody. In his petition, Chisley challenges his conviction on the following four grounds: (1) the state trial court erred in permitting hearsay testimony of a police detective to be admitted over his objection; (2) his trial counsel was ineffective in failing to adequately investigate his case; (3) his trial counsel was ineffective in failing to conduct adequate discovery; and (4) his trial counsel was ineffective in failing to call a witness at trial. Petition, Doc. No. 4, at 6-9. The final three grounds were grounds raised in Chisley's application for post-conviction relief.

The case was referred to Chief United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. § 636(b)(1)(B). Respondent filed a Motion for Partial Summary Judgment on the final three grounds raised in Chisley's petition, contending that these claims are unexhausted and procedurally defaulted because Chisley failed to seek further review of those claims from the Iowa Supreme Court following the Iowa Court of Appeals's decision in *Chisley II*. Judge Zoss filed a Report and Recommendation in which he recommended granting respondent's motion. In his Report And Recommendation, Judge Zoss determined that these three claims were procedurally defaulted because Chisley failed to exhaust his available state remedies by not seeking review by the Iowa Supreme Court after the Iowa Court of Appeals denied his state post-conviction appeal. Judge Zoss further concluded that Chisley failed to show cause which would excuse his procedural default, finding that ineffective assistance of Chisley's post-conviction relief counsel could not constitute cause.

Chisley has filed an objection to Judge Zoss's Report and Recommendation. Chisley contends that Judge Zoss erred in concluding that ineffective assistance of his state post-conviction relief counsel cannot constitute cause which would excuse his procedural default. Respondent filed no objections to the Report and Recommendation and no response to Chisley's objection.

## II. ANALYSIS

### A. Standard Of Review

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

3

> recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

### B. Objection To Report And Recommendation

Chisley contends that Judge Zoss erred in concluding that ineffective assistance of his state post-conviction relief counsel cannot constitute cause which would excuse his procedural default. Well-established United States Supreme Court precedent, however,

4

forecloses this argument. *Coleman v. Thompson,* 501 U.S. 722, 752 (1991). Chisley cannot use his post-conviction counsel's alleged ineffectiveness to establish cause for the procedural default because:

> There is no constitutional right to an attorney in state post-conviction proceedings. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Murray v. Giarratano,* 492 U.S. 1, 109 S. Ct. 2765, 106 L. Ed. 2d 1 (1989) (applying the rule to capital cases). Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See *Wainwright v. Torna,* 455 U.S. 586, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance).

*Coleman,* 501 U.S. at 752; *see Armstrong v. State of Iowa*, 418 F.3d 924, 927 (8th Cir. 2005) (holding that ineffective assistance of petitioner's post-conviction counsel did not constitute cause excusing his procedural default in state court); *Lamp v. State of Iowa*, 122 F.3d 1100, 1105 (8th Cir. 1997) (holding that "because a defendant is not constitutionally entitled to effective assistance of counsel in state postconviction proceedings, a state postconviction attorney's rendering of ineffective assistance will not constitute cause for a procedural default.") (citations omitted); *Burns v. Gammon*, 173 F.3d 1089, (8th Cir. 1999) (holding that "deficiencies" in post-conviction relief counsel could not constitute cause); *Nolan v. Armontrout,* 973 F.2d 615, 617 (8th Cir. 1992) (holding that even if petitioner's state post-conviction proceeding was the first time he could raise claim, "his counsel's failure to do so may not excuse the procedural default."); *see also Spears v. Mullin,* 343 F.3d 1215, 1255 (10th Cir. 2003) ("[I]neffective representation in state post-conviction proceedings is inadequate to excuse a procedural default."); *Martinez v. Johnson*, 255 F.3d 229, (5th Cir. 2001) (holding that claim of ineffective assistance of state habeas counsel cannot provide cause for a procedural default in failing to raise issue

5

claim, even when the state collateral proceeding was the petitioner's first opportunity to raise the claim); *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003) (citing *Coleman v. Thompson,* 501 U.S. at 752-53 and holding that petitioner could not "use her post-conviction attorney's alleged ineffectiveness to establish cause for the procedural default"); *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman,* 501 U.S. at 752); *Mackall v. Angelone,* 131 F.3d 442, 449 (4th Cir. 1997) (en banc) ("Because Mackall has no right to effective assistance of counsel in his state habeas proceedings, he cannot demonstrate cause to excuse the procedural default of his claims that his trial and appellate counsel were constitutionally ineffective. Consequently, federal habeas review of those claims is barred." ); *Hill v. Jones,* 81 F.3d 1015, 1025 (11th Cir. 1996) ("[A] petitioner may not rely on his collateral counsel's ineffectiveness to excuse the procedural default of a claim even when the state collateral proceeding was the petitioner's first opportunity to raise the claim."). Therefore, Chisley's objection to Judge Zoss's Report and Recommendation is overruled.

## III. CONCLUSION

The court **accepts** Judge Zoss's Report and Recommendation. Therefore, respondent's Partial Motion For Summary Judgment is granted and petitioner Chisley's second, third and fourth grounds for relief are dismissed on the ground that they are unexhausted.

6

**IT IS SO ORDERED.**

**DATED** this 28th day of April, 2009.

                                                                           MARK W. BENNETT
                                                                           U. S. DISTRICT COURT JUDGE
                                                                           NORTHERN DISTRICT OF IOWA