# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RODERICK DWAYNE CHISLEY,<br><br>　　　　Petitioner,<br><br>vs.<br><br>MARK LUND,<br><br>　　　　Respondent. | No. C08-4085-MWB<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

　　　　Roderick Chisley was charged in Woodbury County, Iowa, District Court with first-degree burglary and assault while participating in a felony. After a jury trial, he was convicted on both charges. He was sentenced to twenty-five years in prison on the burglary charge and five years in prison on the assault charge, with the terms to be served concurrently. He appealed, and his appeal was referred to the Iowa Court of Appeals, which affirmed his convictions. The Iowa Supreme Court denied his application for further review.

　　　　Chisley then filed an application for post-conviction relief. After a bench trial, the application was denied. Chisley appealed, and his appeal again was referred to the Iowa Court of Appeals. The court affirmed the denial of his PCR application. Chisley did not file an application for further review, but instead, filed a *pro se* application for habeas corpus relief in this court pursuant to 28 U.S.C. § 2254. Doc. No. 4. The court granted his request for appointment of counsel, Doc. No. 3, and on November 19, 2008, the matter was referred to the undersigned for submission of a report and recommended disposition of the case, Doc. No. 13.

　　　　On November 18, 2008, the State filed a motion for partial summary judgment, asking for summary judgment on three of the four claims asserted by Chisley in his application. Doc. No. 10. The State argued these three claims were unexhausted and procedurally defaulted. On January 9, 2009, this court filed a report and recommendation

that the State's motion be granted. Doc. No. 19. On April 28, 2009, the Honorable Mark W. Bennett accepted the report and recommendation, and granted the motion for partial summary judgment. Doc. No. 21.

Only one ground for relief remains in the case; i.e., Chisley's claim that the trial court erred when it permitted the State to present hearsay evidence to the jury. *See* Doc. No. 4, p.5. On July 24, 2009, Chisley filed a brief on this claim. Doc. No. 23. On August 6, 2009, the respondent Mark Lund ("the State") filed his responsive brief. Doc. No. 24. The case now is fully submitted.

The factual background of the case was summarized by the Iowa Court of Appeals in its opinion on Chisley's direct appeal, *see State v. Chisley*, 710 N.W.2d 258 (Table), 2005 WL 3299086 (Iowa Ct. App. Dec. 7, 2005) ("*Chisley I*"), and again in its opinion on his post-conviction appeal, *see Chisley v. State*, 758 N.W.2d 841 (Table), 2008 WL 4325496 (Iowa Ct. App. Sep. 17, 2008) ("*Chisley II*"). Absent rebuttal by clear and convincing evidence, this court must presume that any factual determinations made by the Iowa courts were correct. 28 U.S.C. § 2254(e)(1). As no such rebuttal has been made, the court adopts the factual findings of the Iowa Court of Appeals. *See Bell v. Norris*, 586 F.3d 624, 630 (8th Cir. 2009) (a federal court must deem factual findings by the state court to be presumptively correct, subject to disturbance only if proven incorrect by clear and convincing evidence).

In its opinion on Chisley's direct appeal, the Iowa Court of Appeals summarized the facts of the case as follows:

> The defendant was arrested following an incident at his former girlfriend's residence in August 2004. The State charged him with first-degree burglary and assault while participating in a felony, based on allegations he entered his former girlfriend's residence without permission, possessed a dangerous weapon, and assaulted her.
>
> At trial, both the defendant and the victim testified, giving disparate accounts of what occurred. A police detective, who

> interviewed the defendant, the victim, and another person present in the residence at the time, also testified at trial. The following interchange took place:
>
>> Prosecutor: When you spoke with all three parties, in particular [the victim] and this third-party, did you get their stories as to what happened that night?
>>
>> Detective: Yes I did.
>>
>> Q. Did their stories differ at all?
>>
>> Defense counsel: Objection, Your Honor. Calls for a hearsay statement - for an answer to be based on a hearsay statement as to what [the victim] - what the third-party would have stated to him that night?
>>
>> Court: Overruled.
>>
>> Prosecutor: Did those two parties' statements appear to differ at all?
>>
>> A. No. They were the same.

*Chisley I*, 2005 WL 3299086 at *1.

> The PCR appellate court summarized the facts of the case as follows:
>
>> Chisley was arrested for an incident that occurred on August 1, 2004, at the residence of his former girlfriend, Jennifer Hansen. The State charged him with burglary in the first degree and assault while participating in a felony, based on allegations he entered Hansen's residence without permission, possessed a dangerous weapon, and assaulted her. At the time of the incident, Chisley, the victim and a third party, Christopher Johnson, were present at Hansen's residence and were the only "eyewitnesses" to the incident. Chisley and Hansen testified at trial and had conflicting testimony about the incident. Johnson did not testify.

*Chisley II*, 2008 WL 4325496 at *1.

This case was filed under 28 U.S.C. § 2254, the federal *habeas* statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section

3

2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution . . . of the United States."

Under AEDPA, federal courts are to apply a "deferential standard of review" to the state court's determinations of law and fact if the state court adjudicated the claim on the merits. *Taylor v. Bowersox*, 329 F.3d 963, 967-68 (8th Cir. 2003). Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Chisley asserts his claim under section 2254(d)(1). There are two categories of cases under this section that may provide a state prisoner with grounds for federal habeas relief: (1) if the relevant state-court decision was "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," and (2) if the relevant state-court decision "involved an *unreasonable application* of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (quoting 28 U.S.C. § 2254(d)(1) (emphasis added). A state court "violates the '*contrary to*' clause of section 2254(d)(1) if it 'applies a rule that contradicts the governing law set forth' by the Supreme Court or if the state court 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a [different]

4

result.'" *Flowers v. Norris*, 585 F.3d 413, 416 (8th Cir. 2009) (emphasis added) (citing *Williams*, 529 U.S. at 406, 120 S. Ct. 1495). A state court can violate the "*unreasonable application*" clause of section 2254(d)(1) in two ways: (a) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (b) where "the State court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407, 120 S. Ct. 1495.

For a claim to be successful under section 2254(d)(1), "It is not enough that the state court applied clearly established federal law erroneously or incorrectly - the application must additionally be unreasonable." *Jones v. Wilder-Tomlinson*, 577 F. Supp. 2d 1064, 1073 (N.D. Iowa 2008) (Bennett, J.) (citing *Williams,* 529 U.S. at 411, 120 S. Ct. 1495; *Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) ("an unreasonable application is different from an incorrect one.")). *See Ringo v. Roper*, 472 F.3d 1001, 1003 (8th Cir. 2007) (same). "Stated differently, a federal court may not grant the petition unless the state court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent." *Jones*, 577 F. Supp. 2d at 74 (citing *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999)); *see Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (to be overturned, the state court's application of federal law must have been "objectively unreasonable") (citing *Lyons v. Luebbers*, 403 F.3d 585, 592 (8th Cir. 2005)).

Even if a state court decision is contrary to, or involves an unreasonable application of, clearly established federal law, the court's analysis is not complete. The court then must apply a harmless-error analysis, unless the error was a structural defect in the trial that defies harmless-error analysis. *See Toua Hong Chang v. Minnesota*, 521 F.3d 828, 833 (8th Cir. 2008) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 629, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993)). As the court held in *Toua Hong Chang*:

> Under *Brecht*, habeas relief is proper only if the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Id*. at 623, 113 S. Ct. 1710 (internal quotations omitted). A "substantial and injurious effect" occurs when the court finds itself in "grave doubt" about the effect of the error on the jury's verdict. *O'Neal v. McAninch*, 513 U.S. 432, 435, 115 S. Ct. 992, 130 L. Ed. 2d 947 (1995). "Grave doubt" exists where the issue of harmlessness is "so evenly balanced that [the court] feels [itself] in virtual equipoise as to the harmlessness of the error." *Id*. With that said, under *Fry*[ *v. Pliler*, 551 U.S. 112, 127 S. Ct. 2321, 168 L. Ed. 2d 16 (2007)], we are not required to conduct a formal application of both the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and *Brecht* because the *Brecht* analysis "obviously subsumes the [AEDPA test]." *Fry*, [551 U.S. at 120,] 127 S. Ct. at 2327.

*Toua Hong Chang*, 521 F.3d at 833

Chisley argues the state trial court erred in permitting the police detective to testify, over Chisley's hearsay objection, that Johnson's statement to the police was consistent with Hansen's statement. Doc. No. 23. He claims that two constitutional violations resulted from this error. First, he claims the admission of the testimony violated his Sixth Amendment right to confront the witnesses against him, relying on *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Doc. No. 23 at 9-13. In *Crawford*, the United States Supreme Court held that the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant ha[s] had a prior opportunity for cross-examination." *Id*. at 53-54, 124 S. Ct. 1354.[1] Second, he claims the admission of the testimony violated his Fifth and Fourteenth amendment guarantees to due process of law, arguing admission of the testimony was "'so conspicuously bad that it fatally infected the trial and rendered it fundamentally unfair.'" Doc. No. 23 at 13-15 (quoting *Gee v.*

---

[1]*Crawford* was decided by the United States Supreme Court on March 8, 2004, eight months before Chisley's trial.

6

*Groose*, 110 F.3d 1346, 1350 (8th Cir. 1997), in turn quoting *Troupe v. Groose*, 72 F.3d 75, 76 (8th Cir. 1995)).

Chisley argued in his direct appeal that the detective's testimony about what a witness had said to him was inadmissible hearsay under Iowa law. The Appeals Court agreed, but held that the statement had not prejudiced Chisley, as follows:

> The defendant contends the detective's testimony about the third person's account of events was inadmissible hearsay. *Cf. Hutchinson v. Groskin*, 927 F.2d 722, 724-26 (2nd Cir. 1991) (holding testimony by the expert witness that he agreed with the opinions in other experts' opinion letters "simultaneously conveyed hearsay testimony to the jury and improperly bolstered [the witness's] credibility"). [FN1 omitted.] In the case before us, the defendant and the victim gave differing accounts of the events that occurred, so credibility was a critical factor in the jury's deliberations. The defendant argues the statement that the third person's account of events was the same as the victim's improperly bolstered the victim's credibility. FN2
>
>> FN2. At the time of oral arguments in this case, the defendant gave notice of authority not previously cited and provided the court with *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). The issue in *Crawford* was based on the Confrontation Clause, which was not raised by the defendant in the case before us.
>
> The State contends the trial court properly admitted the testimony. In the alternative, the State argues the defendant was not prejudiced by the statement. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) (noting the hearsay was cumulative to other testimony); *State v. Rice*, 543 N.W.2d 884, 887 (Iowa 1996) (finding no prejudice where similar evidence was in the record without objection and evidence of guilt was strong). The State argues the detective's statement, without further detail, did little to bolster the victim's credibility.

[1] **Was the statement hearsay?** Hearsay "is a statement, other than one made by the declarant while testifying at the trial . . . offered in evidence to prove the truth of the matter asserted." Iowa R. Evid. 5.801(c ). Hearsay is not admissible unless it is exempt from the rule or falls within one of the exceptions. *See id*. 5.802 and 5.803. If hearsay is admitted, prejudice is presumed unless the contrary is affirmatively established. *State v. McKettrick*, 480 N.W.2d 52, 60 (Iowa 1992). The victim testified before the detective testified. The detective did not specifically recount any of the third person's statements. He opined the victim's and the third person's accounts were the same. The defendant argues this is hearsay because the detective essentially was saying that whatever the victim said, the third person said also. The State disagrees, arguing the detective's statement, without further detail, should not be viewed as improperly attributing the victim's detailed statements to the third person.

Was the detective's statement, "they were the same" a "statement, other than one made by the declarant while testifying at the trial?" Following the reasoning in *Hutchinson*, the detective's statement "was a conduit for hearsay " and in effect introduced the statements of the third person. *Hutchison*, 927 F.2d at 725 (emphasis added). The defendant had no opportunity to cross examine the third person, and the jury had no opportunity to observe the third person and assess his credibility.

[2] **Was the defendant prejudiced**? The State has the burden to prove a lack of prejudice if the statement was hearsay and improperly admitted. *See State v. Horn*, 282 N.W.2d 717, 724 (Iowa 1979). This is not a case where substantially the same evidence was in evidence without objection. *See McKettrick*, 480 N.W.2d at 60. Rather, it turns on the jury's assessment of the credibility of the victim versus that of the defendant. The defendant argues only two eye-witnesses testified - the defendant and the victim - and allowing the detective's statement improperly bolstered the victim's credibility. The State asserts the jury had sufficient other evidence supporting the victim's version of events that more likely swayed the jury than did the detective's statement.

> The jury heard the 911 call telling the defendant numerous times to get out and to leave her alone, telling the operator the defendant had a knife and was trying to kill her, and screaming hysterically. The jury saw photographs of the victim's injuries. The defendant's statement to an investigating officer was inconsistent with his testimony at trial: he told the officer the other person pushed him off the victim, but at trial he testified he never saw the other person. We conclude the detective's statement, "they were the same" did not prejudice the defendant. The other evidence corroborating the victim's account and the fact her statement to the detective was consistent with her testimony at trial provide a sufficient basis for the jury to assess her credibility and find her credible. In contrast, the defendant's statement to the investigating officer differed from his testimony at trial, providing the jury a sufficient basis to find him not credible. We find no reasonable probability the outcome of the trial would have been different without the challenged statement. Consequently, we conclude the State has met its burden to demonstrate the defendant was not prejudiced. *See State v. Rice*, 543 N.W.2d 884, 887 (Iowa 1996). We affirm the defendant's conviction.

*Chisley I*, 2005 WL 3299086 at **1-2.

Notably, the Iowa Court of Appeals ruled on Chisley's appeal by applying state law. This is because Chisley's argument on appeal was that hearsay was improperly admitted into evidence at trial.[2] He did not present a constitutional argument to the court, and in particular, he did not, as the court noted in Footnote 2, assert any argument under the Confrontation Clause of the Sixth Amendment.

---

[2] Hearsay is a state law objection, not a federal one, and does not raise an objection under the Confrontation Clause of the Sixth Amendment. *See Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999) ("Our analysis [in a section 2254 case] is not dependent on whether a state court defines an out-of-court statement as hearsay, but on whether the statement violates the Sixth Amendment."); *see also Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993) (confrontation clause analysis is a separate analysis that does not necessarily overlap with a hearsay analysis).

This court will not review the decision of the Iowa Court of Appeals that, as a matter of state law, the admission of the hearsay evidence did not result in prejudice to Chisley. Section 2254 is not a vehicle for correcting errors of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *see Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Evenstad v. Carlson*, 470 F. 3d 777, 782 (8th Cir. 2005) (federal court lacks authority to review a state court's interpretation of state law); *Johnston v. Luebbers*, 288 F.3d 1048, 1056 (8th Cir. 2002) ("in habeas corpus proceedings, it is not within our province to reexamine state-court determinations on state-law questions.").

As a necessary precursor to federal review, a section 2254 petitioner first must provide the state courts with an opportunity to consider and rule upon any alleged violations of constitutional rights. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]") To do this, an applicant must "fairly present" his claims to the state court. This means that the applicant must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a state court proceeding. As the Eighth Circuit explained in *Abdullah v. Groose*:

> In order to present a habeas claim to the state court, a prisoner must "fairly present" not only the facts, but also the substance of his federal habeas corpus claim. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 277, 74 L. Ed. 2d 3 (1982) (*per curiam*). In this circuit, to satisfy the "fairly presented" requirement, Abdullah was required to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in the Missouri state court. *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)

> (internal quotation and citation omitted). Furthermore, presenting a claim to the state courts that is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement. *Duncan v. Henry*, 513 U.S. 364, [366], 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (per curiam).

*Id.*, 75 F.3d at 411-12; *see Sweet v. Delo*, 125 F.3d 1144, 1153 (8th Cir. 1997) ("Raising a state-law claim in state court that is merely similar to the constitutional claim later pressed in a habeas action is insufficient to preserve the latter for federal review."); *Morris v. Norris*, 83 F.3d 268, 270 (8th Cir.1996) (a habeas petitioner must have explicitly cited to the United States Constitution or federal case law in his direct appeal to preserve federal review). As the court explained in *Frey v. Schuetzle*, 151 F.3d 893 (8th Cir. 1998):

> Before a federal court may reach the merits of a claim in a habeas petition by a state prisoner, it "must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*); *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall*, 114 F.3d at 757 (internal quotations omitted).

*Id.*, 151 F.3d at 897; *see Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006) ("Before a state prisoner is entitled to federal habeas corpus relief, he first must exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court."). By simply mentioning *Crawford* during oral argument before the Iowa Court of Appeals, Chisley did not fairly present the *Crawford* issue to the Iowa courts.

Section 2254 requires a petitioner to exhaust **all** of his available state court remedies before coming to federal court. This means a petitioner is required to provide the highest state court with a full and fair opportunity to rule on the factual and theoretical substance

11

of his claim. *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 512-14, 30 L. Ed. 2d 438 (1971). In the Iowa court system, all appeals are presented first to the Iowa Supreme Court. The Supreme Court then decides whether to retain the appeal or transfer it to the Iowa Court of Appeals. If the appeal is transferred to the Iowa Court of Appeals, after the Court of Appeals rules on the appeal, then the parties may apply to the Iowa Supreme Court for further review. The failure to seek further review by the Iowa Supreme Court constitutes a failure to exhaust that claim. *Armstrong v. Iowa*, 428 F.3d 924, 926 (8th Cir. 2005) ("failure to appeal the denial of state post-conviction relief to the Supreme Court of Iowa was a failure to exhaust."); *Sillick v. Ault*, 358 F. Supp. 2d 738 (N.D. Iowa 2005) (Reade, J.) ("In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument."). Even if Chisley had properly raised the *Crawford* issue before the Iowa Court of Appeals, he failed to exhaust the claim because he did not raise the issue in a request for review by the Iowa Supreme Court. As the United States Supreme Court explained in *Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004):

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*) (quoting *Picard V. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (***including a state supreme court with powers of discretionary review***), thereby alerting that court to the federal nature of the claim. *Duncan, supra*, at 365-366, 115 S. Ct. 887; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

*Baldwin*, 541 U.S. at 29, 14 S. Ct. at 1349 (emphasis added). Failure to present claims to the state supreme court after an intermediate appellate court rejects them results "in a

procedural default of those claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). This is true even if review by the state supreme court is discretionary. *See Dixon v. Dormire*, 263 F.3d 774, 779-90 (8th Cir. 2001) (discretionary review by the state supreme court required to avoid procedural default).

A procedural default for failure to exhaust can be avoided by showing good cause and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750, 732, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Ineffective assistance of counsel can serve as a "cause" excusing procedural default. *Ledesma v. Burt*, 2008 WL 154640, at *12 (N.D. Iowa Jan. 15, 2008) ("Although a petitioner must ordinarily establish that some external impediment prevented counsel from constructing or raising a claim, the ineffective assistance of appellate counsel might qualify as cause for procedurally defaulting a claim.").

Chisley argues his state court attorneys were ineffective in not raising a *Crawford* objection to the detective's testimony. Before a claim of ineffectiveness of counsel can be advanced to justify a failure to exhaust, the claim first must be presented as an independent claim to the state courts. *Murray v. Carrier*, 477 U.S. 478, 488-89, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) ("[T]he exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) (counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation, citing *Coleman*, 501 U.S. at 750, 732, 111 S. Ct. 2546). Because Chisley did not present to the state court a claim that his counsel were ineffective in failing to make a *Crawford* objection at trial or on appeal, the claim cannot be raised now.

In any event, Chisley cannot show prejudice from the admission of the hearsay statement. The Iowa Court of Appeals found the statement should not have been admitted, albeit because it was hearsay rather than under *Crawford*, but also found that the error from admitting the statement was harmless because there was "no reasonable probability

13

the outcome of the trial would have been different without the challenged statement." *Chisley I*, 2005 WL 3299086 at *2. The Iowa court's finding on this issue is binding on this court. *See* 28 U.S.C. § 2254(e); *Toua Hong Chang*, 521 F.3d at 832 (error is harmless if it does not have "a substantial and injurious effect or influence in determining the jury's verdict.").

Chisley alternatively argues admission of the hearsay testimony violated his Fifth and Fourteenth amendment guarantees to due process of law because the decision to admit the testimony was "so conspicuously bad that it fatally infected the trial and rendered it fundamentally unfair." Doc. No. 23 at 13-15. Chisley is correct that under some circumstances, trial errors can amount to a denial of due process. As the court held in *Garcia v. Mathes*, 474 F.3d 1014 (8th Cir. 2007):

> In the habeas context, "[q]uestions regarding admissibility of evidence are matters of state law." *Rousan v. Roper*, 436 F.3d 951, 958 (8th Cir. 2006) (quotation omitted). "A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006). "The [applicant] must show that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." *Rousan*, 436 F.3d at 958-59 (quotation omitted).

*Garcia*, 474 F.3d at 1017.

However, Chisley has made no showing that the state court proceedings in this case were fundamentally unfair, nor has he made a showing that the Iowa Court of Appeals was wrong in concluding any error in the admission of the hearsay statement had not prejudiced him at trial. Furthermore, this argument was never presented to the Iowa courts, so it cannot be considered here.

## V. CONCLUSION

For the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[3] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b) within fourteen (14) days of the service of this Report and Recommendation, that Chisley's application for writ of habeas corpus be **denied**.

**IT IS SO ORDERED.**

**DATED** this 9th day of February, 2010.

*[signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).