**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

RODERICK DWAYNE CHISLEY,

    Petitioner,

vs.

MARK LUND,

    Respondent.

No. C08-4085-MWB

**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING PETITION FOR A WRIT OF HABEAS CORPUS**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
      *1. Standard of review of report and recommendation* . . . . . . . . 6
      *2. General standards for § 2254 relief* . . . . . . . . . . . . . . . . . . 7
   *B. Objection To Report And Recommendation* . . . . . . . . . . . . . . . . . 8

*III. CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . . 10

*IV. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## I.  INTRODUCTION AND BACKGROUND

Petitioner Roderick Dwayne Chisley's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody is before the court pursuant to a Report and Recommendation of Chief United States Magistrate Judge Paul A Zoss recommending that the petition be denied.  Chisley filed objections to the report and recommendation.  Respondent Mark Lund filed no objections to the Report and Recommendation and no response to Chisley's objections.  The court now considers whether to accept, reject, or modify Judge Zoss's Report and Recommendation in light of the objections.

### A.  *Procedural Background*

Chisley is an inmate at the Clarinda Correctional Facility, Clarinda, Iowa.  Following a jury trial, he was convicted of first-degree burglary and assault while participating in a felony and sentenced to twenty-five years imprisonment on the burglary conviction and five years imprisonment on the assault conviction, the sentences to run concurrently.  Chisley filed a direct appeal of his conviction.  On appeal, he asserted that the state trial court erred in overruling his hearsay objection to the testimony of a police detective.  His appeal was denied by the Iowa Court of Appeals, concluding that although the detective's testimony was admitted in error, Chisley was not prejudiced by its admission.  *State v. Chisley*, 710 N.W.2d 258, 2005 WL 3299086, at *2 (Iowa Ct. App. Dec. 7, 2005) (unpublished table opinion) (*"Chisley I")*.  Chisley then filed an application for further review with the Iowa Supreme Court which was denied.

Chisley filed an application for post-conviction relief in which he alleged that his trial counsel had been ineffective for failing to conduct adequate discovery and carry out a thorough investigation of the case.  After a hearing, Chisley's application for post-conviction relief was denied.  Chisley appealed that decision to the Iowa Supreme Court,

which referred his appeal to the Iowa Court of Appeals. On September 17, 2008, the Iowa Court of Appeals affirmed the denial of his application for post-conviction relief. *See Chisley v. State*, 758 N.W.2d 841, 2008 WL 4325496 (Iowa Ct. App. Sept. 17, 2008) (unpublished table opinion) (Chisley *II*). Chisley did not seek further review from the Iowa Supreme Court. Instead, he filed a Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody. In his petition, Chisley challenges his conviction on the following four grounds: (1) the state trial court erred in permitting hearsay testimony of a police detective to be admitted over his hearsay objection; (2) his trial counsel was ineffective in failing to adequately investigate his case; (3) his trial counsel was ineffective in failing to conduct adequate discovery; and (4) his trial counsel was ineffective in failing to call a witness at trial. Petition, Doc. No. 4, at 6-9. The final three grounds were grounds raised in Chisley's application for post-conviction relief.

The case was referred to Chief United States Magistrate Judge Paul A. Zoss pursuant to 28 U.S.C. § 636(b)(1)(B). Respondent Lund filed a Motion for Partial Summary Judgment on the final three grounds raised in Chisley's petition, contending that these claims are unexhausted and procedurally defaulted because Chisley failed to seek further review of those claims from the Iowa Supreme Court following the Iowa Court of Appeals's decision in *Chisley II*. Judge Zoss filed a Report and Recommendation in which he recommended granting respondent Lund's motion on the ground that these three claims were procedurally defaulted because Chisley failed to exhaust his available state remedies. The court accepted Judge Zoss's Report and Recommendation, granted respondent Lund's Partial Motion For Summary Judgment, and dismissed petitioner Chisley's second, third and fourth grounds for relief because they were unexhausted.

The parties subsequently briefed the remaining issue in Chisley's petition, that the state trial court erred in permitting the prosecution to present hearsay evidence to the jury.

3

Petition, Doc. No. 4, at 6. On April 9, 2010, Judge Zoss filed a thorough and comprehensive Report and Recommendation in which he recommended denial of Chisley's petition. In his Report And Recommendation, Judge Zoss concluded that, in his state court proceedings, Chisley had raised the issue of the police officer's testimony as one of improper introduction of hearsay, a state law claim. As a result, Judge Zoss further concluded that Chisley had not fairly presented the Iowa Court of Appeals with either his claim the admission of this testimony violated his Sixth Amendment right to confront the witnesses against him, or his claim that the admission of this testimony violated his Fifth and Fourteenth amendment guarantees to due process of law. Therefore, Judge Zoss found that Chisley did not exhaust his confrontation-clause or due process claims. Judge Zoss further concluded that Chisley failed to show cause which would excuse his procedural default. Judge Zoss found that Chisley's assertion of ineffective assistance of his state counsel could not constitute cause because he never presented a claim to the Iowa state courts that his counsel was ineffective for not challenging the admission of the police officer's testimony on confrontation-clause or due process grounds.

Chisley has filed an objection to Judge Zoss's Report and Recommendation. Chisley contends that Judge Zoss erred in concluding that ineffective assistance of his state counsel cannot constitute cause which would excuse his procedural default. Respondent Lund filed no objections to the Report and Recommendation and no response to Chisley's objection.

### B. *Factual Background*

In his Report and Recommendation, Judge Zoss noted that, on direct appeal, the Iowa Court of Appeals summarized the facts of the case as follows:

4

> The defendant was arrested following an incident at his former girlfriend's residence in August 2004. The State charged him with first-degree burglary and assault while participating in a felony, based on allegations he entered his former girlfriend's residence without permission, possessed a dangerous weapon, and assaulted her.
>
> At trial, both the defendant and the victim testified, giving disparate accounts of what occurred. A police detective, who interviewed the defendant, the victim, and another person present in the residence at the time, also testified at trial. The following interchange took place:
>
>> Prosecutor: When you spoke with all three parties, in particular [the victim] and this third-party, did you get their stories as to what happened that night?
>>
>> Detective: Yes I did.
>>
>> Q. Did their stories differ at all?
>>
>> Defense counsel: Objection, Your Honor. Calls for a hearsay statement - for an answer to be based on a hearsay statement as to what [the victim] - what the third-party would have stated to him that night?
>>
>> Court: Overruled.
>>
>> Prosecutor: Did those two parties' statements appear to differ at all?
>>
>> A. No. They were the same.
>
> *Chisley I*, 2005 WL 3299086 at *1.

Report and Recommendation at 2-3. Judge Zoss also noted that, in its post-conviction relief decision, the Iowa Court of Appeals summarized the facts of the case as follows:

> Chisley was arrested for an incident that occurred on August 1, 2004, at the residence of his former girlfriend,

> Jennifer Hansen. The State charged him with burglary in the first degree and assault while participating in a felony, based on allegations he entered Hansen's residence without permission, possessed a dangerous weapon, and assaulted her. At the time of the incident, Chisley, the victim and a third party, Christopher Johnson, were present at Hansen's residence and were the only "eyewitnesses" to the incident. Chisley and Hansen testified at trial and had conflicting testimony about the incident. Johnson did not testify.

*Chisley II*, 2008 WL 4325496 at *1.

Report and Recommendation at 3. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. ANALYSIS

### A. *Standard Of Review*

#### 1. *Standard of review of report and recommendation*

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and

recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

### 2. *General standards for § 2254 relief*

Section 2254(d)(a) of Title 28, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 governs Chisley's amended petition.

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

7

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)).  In this instance, Chisley seeks habeas relief under the second category.  An "unreasonable application" of Federal law by a state court can occur in two ways: (1) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) where "the state court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Id*. at 407.  It is not enough that the state court applied clearly established federal law erroneously or incorrectly-the application must additionally be unreasonable.  *Id*. at 411; *see Bell v. Cone*, 535 U.S. 685, 694 (2002) ("an unreasonable application is different from an incorrect one.").  Stated differently, a federal court may not grant the petition unless the state court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent.  *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999).

### *B.  Objection To Report And Recommendation*

Chisley contends that Judge Zoss erred in concluding that ineffective assistance of his state post-conviction relief counsel cannot constitute cause which would excuse his procedural default because he never presented a claim of ineffective assistance of counsel to the Iowa state courts challenging the admission of the police officer's testimony on confrontation-clause or due process grounds.  Well-established precedent, however, forecloses Chisley's objection.  A state habeas corpus petitioner who argues that the ineffective assistance of appellate counsel constitutes cause for the procedural default must first raise the issue as an independent claim in state court.  *Murray v. Carrier,* 477 U.S. 478, 488 (1986) (holding "that the exhaustion doctrine . . . requires that a claim of

8

ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default"); *see Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) ("'[T]he exhaustion doctrine requires that a claim for ineffective assistance of counsel be initially 'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default' in a federal habeas proceeding.'") (quoting *Taylor v. Bowersox,* 329 F.3d 963, 971 (8th Cir. 2003)); *Bailey v. Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004) ("Although constitutionally ineffective assistance can serve as a 'cause' excusing procedural default, the ineffective assistance claim must be raised in the state [post-conviction] proceedings before it can be relied upon in a federal habeas proceeding.").

Although Chisley recognizes this line of authorities, he, nevertheless, requests that the court "reconsider" whether to follow them in this case because of the resulting hardship to habeas petitioner's such as himself. This court is not at liberty to ignore this line of authorities in favor of what Chisley views as a better line of reasoning. *See Hutto v. Davis,* 454 U.S. 370, 375 (1982) (holding that precedent of Supreme Court must be followed by lower federal courts no matter how misguided the judges of those courts may think it to be); *N.M. ex rel L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008) (holding that Eighth Circuit precedent "is controlling until overruled by our court en banc, by the Supreme Court, or by Congress."); *Helseth v. Burch*, 258 F.3d 867, 870 (8th Cir. 2001) ("For the lower federal courts, an explicit Supreme Court holding is like a statute in that its plain language must be obeyed."); *Xiong v. Minnesota*, 195 F.3d 424, (8th Cir. 1999) (holding that "district court had no power to replace governing circuit law with its own view."); *see also Hart v. Massanari,* 266 F.3d 1155, 1170 (9th Cir. 2001) ( "A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue. . . .

9

Binding authority . . . cannot be considered and cast aside; it is not merely evidence of what the law is. Rather, case law on point *is* the law. If a court must decide an issue governed by a prior opinion that constitutes binding authority, the later court is bound to reach the same result, even if considers the rule unwise or incorrect.").

Here, Chisley never presented the Iowa state courts with a claim of ineffectiveness of counsel grounded on his state appellate counsel's failure to challenge the police officer's testimony on confrontation-clause or due process grounds. Accordingly, Chisley's claim of ineffective assistance of counsel cannot be cause for his procedural default of the claim that the state trial court erred in permitting the prosecution to present hearsay evidence to the jury.[1] Therefore, Chisley's objection to Judge Zoss's Report and Recommendation is overruled.

### III. CERTIFICATE OF APPEALABILITY

Chisely must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently,

---

[1] Chisley also cannot claim that his state post-conviction counsel provided ineffective assistance during post-conviction proceedings. *See* 28 U.S.C. § 2254(i); *see also Coleman v. Thompson,* 501 U.S. 722, 752 (1991) (stating that "[t]here is no constitutional right to an attorney in state post-conviction proceedings" and a petitioner "must bear the risk of attorney error that results in a procedural default").

or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El v. Cockrell* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Chisley's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); *Fed. R. App. P.* 22(b). Accordingly, with respect to Chisley's claims, the court does not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c). Should Chisley wish to seek further review of his petition, he may request a certificate of appealability from a judge of the United States Court of Appeals for the Eighth Circuit. *See Tiedman v. Benson,* 122 F.3d 518, 520-22 (8th Cir. 1997).

## IV. CONCLUSION

The court **accepts** Judge Zoss's Report and Recommendation. Therefore, Chisley's Petition for Writ of Habeas Corpus is **dismissed**. The court further orders that no certificate of appealability shall be issued for any of Chisley's claims.

**IT IS SO ORDERED.**

**DATED** this 28th day of June, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA